Century 21 Dept. Stores, LLC v Starr Surplus Lines Ins. Co. (2024 NY Slip Op 02091)

Century 21 Dept. Stores, LLC v Starr Surplus Lines Ins. Co.

2024 NY Slip Op 02091

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 652975/20 Appeal No. 1249 Case No. 2022-00984 

[*1]Century 21 Department Stores, LLC, et al., Plaintiffs-Appellants,
v
Starr Surplus Lines Insurance Co., et al., Defendants-Respondents.

Weg and Myers, P.C., Rye Brook (Joshua L. Mallin of counsel), and McCarter & English, LLP, New York (Sherilyn Pastor of counsel), for appellants.
Robinson & Cole LLP, New York (Shivang S. Gandhi of counsel), for Starr Surplus Lines Insurance Co., Liberty Mutual Fire Insurance Co., Steadfast Insurance Co., Landmark American Insurance Co., respondents.
Clyde & Co US LLP, New York (William M. Cooney of counsel), for Endurance American Specialty Insurance Co., respondent.
Mound Cotton Wollan & Greengrass LLP, New York (Kevin F. Buckley of counsel), for Great American Fidelity Insurance Company, respondent.
McClellan Bernstiel, LLP, New York (Cynthia L. Bernstiel of counsel), for Evanston Insurance Company, respondent.
Kennedys CMK LLP, New York (Joanna L. Young of counsel), for Axis Surplus Lines Insurance Company, respondent.
Zelle LLP, New York (Isabella K. Stankowski-Booker of counsel), for QBE Specialty Insurance Company, respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered February 22, 2022, which, to the extent appealed from, granted defendant insurers' motions to dismiss the complaint, unanimously affirmed, without costs.
Where "an insured seeks to recover for a loss under an insurance policy", the insured "has the burden of proving that a loss occurred and also that the loss was a covered event within the terms of the policy" (Consolidated Rest. Operations, Inc. v Westport Ins. Corp., 205 AD3d 76, 80 [1st Dept 2022] [internal quotation marks and brackets omitted], affd - NY3d -, 2024NY Slip Op 00795 [2024]. Plaintiffs have failed to meet this burden. On appeal, the sole issue raised by plaintiffs is whether they alleged business interruption coverage under the civil authority provision in the subject policies. Looking first to "the language of the policy" (id. at 81), the "Interruption by Civil Authority" provision in the relevant policies provides:
"This policy is extended to include for Business Interruption loss reimbursement including Extra Expense and Rental Coverages as defined hereunder during the period of time not exceeding 60 consecutive days, when, as a result of a peril not otherwise excluded, access to the vicinity is restricted by order of civil authority, regardless of whether any property insured by this policy shall have been damaged."
The "Perils Insured and Territory" provision in the policies reads, "[a]ll [r]isks of physical loss of or damage to the property hereunder while in all situations anywhere in the world." Where, as here, "a policy specifically states that coverage is triggered only where there is 'direct physical loss or damage' to the insured property, the policyholder's inability to fully use its premises as intended because of COVID-19, without any actual, discernable, quantifiable change constituting 'physical' difference to the property from what it was before exposure to the virus, fails to state a cause of action for a covered loss" (Consolidated Rest. Operations, Inc., 205 AD3d 76, 78; see also Madison Sq. Garden Sports Corp. v Factory Mut. Ins. Co., 213 AD3d 459, 460 [1st Dept 2023], lv denied 41 NY3d 902 [2024]). The final phrase within the civil authority coverage provision, which extends business interruption, extra expense, and rental coverages to include loss when "as a result of a peril not otherwise excluded, access to the vicinity is restricted by order of civil authority, regardless of whether any property insured by this policy shall have been damaged," clarifies that this provision applies when an order of civil authority prohibits access to the insured premises based on the risk of direct physical loss to property nearby (see Stetson Real Estate, LLC v Sentinel Ins. Co., Ltd., 2023 WL 6563870, *2, 2023 US App LEXIS 26819, *3-4 [2d Cir, Oct. 10, 2023, No. 22-1748 2023], citing Food for Thought Caterers Corp. v Sentinel Ins. Co., 524 F Supp 3d 242, 250-251 [SD NY 2021]; Visconti Bus Serv., LLC [*2]v Utica Natl. Ins. Group, 71 Misc 3d 516, 535 [Sup Ct, Orange County 2021]).
Although an affidavit can be used to amplify the complaint (see Pichardo v New York City Dept. of Educ., 99 AD3d 606, 607 [1st Dept 2012]), the affidavit provided by plaintiffs failed to state which coverages did not require physical loss or damage, or where changes were actually negotiated with defendant insurers regarding the civil authority coverage provision.
Plaintiffs' argument that the "Murder, Suicide and Infectious or Contagious Diseases" (MSICD) coverage extension, of which the limits of $5 million have already been paid by defendant insurers, should be read to provide coverage for these circumstances up to the full program limits under all other coverages, would render the MSICD extension sublimit meaningless and violates basic rules of contract construction (see Georgia Malone & Co., Inc. v E&M Assoc., 163 AD3d 176, 186 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024